UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ATENEDORO HERNANDEZ-GOMEZ,<br><br>Defendant. | Criminal Dkt.: 4:16-cr-00044-BLW-2<br>Civil Dkt.: 4:16-cv-00557-BLW<br><br>MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Before the Court is Defendant's Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c). Crim. Dkt. 97. Also pending is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Crim Dkt. 88; Civ. Dkt. 1. Finally, Defendant filed a motion seeking his sentencing transcripts. Civ. Dkt. 11.

# LEGAL STANDARD

1. **Relief Under 18 U.S.C. § 3582**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010). Thus, "a judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Id.* at 824

(internal modifications and citations omitted) (citing 18 U.S.C. § 3582(b)). Such circumstances include where a sentence is corrected pursuant to Criminal Rule 35, upon motion by the government pursuant to Rule 35, or where the sentence is appealed and the case is remanded to the district court for resentencing. *See* 18 U.S.C. § 3582(b); Fed. R. Crim. P. 35. Alternatively, the Court may modify a sentence upon motion by the Director of the Bureau of Prisons, or if otherwise expressly authorized by statute. 18 U.S.C. § 3582(c)(1). Finally, the Court may modify a sentence where the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2).

2. **Section 2255 Standard**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief."

If the Court does not summarily dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

### 3. Ineffective Assistance of Counsel Standard

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). More specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 697; s*ee also Bell v. Cone*, 535 U.S. 685, 695 (2002). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the

Sixth Amendment." *Strickland*, 466 U.S. at 686-87. Under the performance prong, there is a strong presumption that counsel's performance falls "with the wide range of reasonable professional assistance." *Id.* at 689.

## ANALYSIS

### 1. The Court Lacks Jurisdiction Under § 3582 to Reduce Defendant's Sentence

This Court sentenced Defendant to 150 months imprisonment for possession with the intent to distribute methamphetamine. Crim. Dkt. 81. In arriving at this sentence, the Court used the 2015 Sentencing Guidelines Manual. Crim. Dkt. 71. The 2015 Manual incorporated Amendment 782 to the Drug Quantity Table which reduced by two the offense level for certain drug crimes.

Defendant asks the Court to reduce his sentence on the basis of Amendment 782. Crim. Dkt. 97. However, Defendant received the benefit of Amendment 782 during his original sentencing. The Court therefore lacks jurisdiction under section 3582 to modify or reduce Defendant's sentence.

### 2. Defendant Is Entitled to an Evidentiary Hearing on His Ineffective Assistance of Counsel Claims

Next, the Court considers Defendant's argument that he was denied effective assistance of counsel. Civ. Dkt. 1; Crim. Dkt. 88. According to Defendant:

> Counsel was ineffective for failing to file a notice of appeal on Petitioner's behalf after Petitioner specifically requested that he do so. Shortly after sentencing Petitioner wrote a letter to Counsel on October 6, 2016 requesting that Counsel file a notice of appeal. The Notice of Appeal was never filed. Petitioner was prejudiced as he was denied his right to appeal.

Civ. Dkt. 1 at 5; Crim. Dkt. 88 at 5.

In response, the Government obtained an affidavit from Defendant's trial counsel, Neal Randall, in which Mr. Randall states "[a]fter sentencing I was unaware and unadvised that Mr. Hernandez-Gomez wished to appeal his case in any way." Civ. Dkt. 4-1. Additionally, the Government argues that because Defendant's plea agreement included a signed waiver, he cannot meet *Strickland*'s requirement that an individual claiming ineffective assistance of counsel demonstrate prejudice. Civ. Dkt. 4 at 3-4.

Because there is a dispute between the Parties as to whether Defendant did or did not ask Mr. Randall to file an appeal, the Court is required to hold an evidentiary hearing. *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005) ("We are compelled to conclude that the district court needs to hold an evidentiary hearing to determine whether Sandoval-Lopez really did tell his lawyer to appeal and his lawyer refused though Sandoval-Lopez demanded it.").

With respect to the Government's argument that Defendant cannot meet the prejudice prong of *Strickland* because his plea agreement contained a waiver, that argument is squarely foreclosed by *Sandoval-Lopez* and its progeny. As this Court has previously held:

> An attorney's failure to file an appeal where there is clear instruction by the defendant to do so establishes deficient performance and prejudice even if there is a valid appeal waiver. …[citation omitted]  As the Supreme Court explained in *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000),'a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.' 'The prejudice ... is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal.' *Sandoval–Lopez*, 409 F.3d at 1197. Thus, a valid appeal

waiver does not prevent a movant from establishing prejudice. The Ninth Circuit acknowledges that this result is counterintuitive, *id.* at 1197, but it is the law nonetheless.

*Huitran-Barron v. United States*, No. 4:16-CR-175-BLW, 2018 WL 5983560, at *3 (D. Idaho Nov. 13, 2018).

Given the posture of this case, the Government is left with two options. First, the government can continue to oppose Defendant's claim and the Court will hold an evidentiary hearing to determine whether Defendant's allegation is true. *Id.* at *3. If the allegation is true, the Court will vacate and reenter judgment so that Defendant can file a timely notice of appeal. *Id.* If the allegation is untrue, Defendant is not entitled to relief on this claim. *Id.*

Alternatively, the government can choose not to oppose the motion on this ground and let Defendant appeal. *Id.* If the government chooses this option the Court will vacate and re-enter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that Defendant's claim that he instructed his counsel to appeal, and that his counsel refused or ignored his request, is true. *Id.*

### 3. Defendant Is Not Entitled to His Sentencing Transcripts at this Time

Finally, the Court turns to Defendant's request for his sentencing transcripts. In his motion, Defendant states only that he is "working on a separate motion to have my sentence vacated … [and] [t]he transcripts of my sentencing hearing will assist me in formulating my arguments." Civ. Dkt. 11.

The Court will deny Defendant's request for two reasons. First, Defendant makes no allegation that he is indigent. Second, the Court will await word from the Government on how it intends to proceed with respect to Defendant's § 2255 motion. After the Government provides notice of its intent, the Court invites Defendant to file a motion for his transcripts.

**ORDER**

**IT IS ORDERED:**

1. Defendant's 18 U.S.C. § 3582 Motion to Modify and Reduce Sentence (Crim. Dkt. 97) is **DENIED**.

2. As to Defendant's § 2255 motion (Crim Dkt. 88; Civ. Dkt. 1), the Government shall advise the Court within 20 days how it would like to proceed, pursuant to *United States v. Sandoval-Lopez,* 409 F.3d 1193 (9th Cir. 2005). If the government chooses to proceed with an evidentiary hearing, the Court will set a date for that hearing, solely to determine whether Defendant instructed his counsel to file an appeal and, if so, whether counsel ignored or refused that instruction. If the government chooses not to oppose Defendant's motion, the Court will vacate and re-enter its judgment without a hearing and allow the appeal to proceed, assuming without deciding that Defendant's claim is true.

3. Defendant's motion seeking his sentencing transcripts (Civ. Dkt. 11) is **DENIED**. Defendant may refile his request after the Government files its

notice with the Court regarding how it intends to proceed with respect to Defendant's § 2255 motion.

DATED: February 4, 2019

B. Lynn Winmill
U.S. District Court Judge