# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ATENEDORO HERNANDEZ-GOMEZ,<br><br>Defendant. | Case No. 4:16-cr-00044-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Atenedoro Hernandez-Gomez's Motion for Copy of Search Warrant; and Return of Execution of Search Warrant (Dkt. 111). For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On October 7, 2016, Hernandez pled guilty to possession with intent to distribute methamphetamine and was sentenced to 150 months imprisonment. *Judgement* at 1-2, Dkt 81. Hernandez's plea agreement expressly waived his right to a direct appeal and a collateral attack under 28 U.S.C. § 2255. *Plea Agreement* at 9-10, Dkt. 45.

On December 27, 2016, Hernandez filed a Motion to Vacate under § 2255 due to ineffective counsel. *See* Dkt. 88. After an evidentiary hearing, the Court denied Hernandez's motion. *See* Dkt. 109.

Hernandez requests that the Court provide him with a copy of the search warrant for the search of his trailer in the investigation that led to his eventual conviction. *Motion*, Dkt. 111. Hernandez argues that the search warrant was for "2048 South Highway 81, Trailor [sic] A, Malta, Idaho" but the officers actually searched "2046 South Highway 81, Trailor [sic] B, Malta, Idaho." Hernandez contends that this information will provide him with new evidence sufficient to bring a successive § 2255 motion. *Id.* at 2. Therefore, the Court addresses this motion through the scope of § 2255.[1]

## LEGAL STANDARD

Federal prisoners claiming the right to be released on grounds that their sentence violates the Constitution or laws of the United States may file a motion under 28 U.S.C. § 2255. "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of

---

[1] After searching its records, the Court is not in possession of the search warrant. Instead, it appears that the warrant was issued by Bonneville County. Hernandez may request a copy of the warrant from Bonneville County, but for the reasons stated below the Court will decline to order the Government to produce the warrant.

detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).

Prisoners are also generally limited to one motion under § 2255. They may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h): such a motion cannot be considered unless it has first been certified by the court of appeals to contain either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

In other words, courts may not certify "second-in-time claims, ripe at the time of a prisoner's first § 2255 proceeding but not discovered until afterward, unless such claims either rely on a new, retroactive rule of constitutional law or clearly and convincingly prove the prisoner's innocence." *United States v. Buenrostro*, 638 F.3d 720, 725–26 (9th Cir. 2011).

## ANALYSIS

Hernandez has already filed a § 2255 motion with the Court. Therefore, any new § 2255 motion would be considered a successive motion and would need to satisfy § 2255(h). Hernandez is not entitled to a copy of the search

warrant, or the return on execution, because any successive § 2255 motion premised on either document would be barred. A successive motion would be barred for two reasons: (1) the documents do not qualify as new evidence; and (2) they do not convincingly prove Hernandez's innocence.

First, neither the search warrant nor the return on execution qualifies as new evidence. The warrant and return are discussed in the PSR and would have been produced to Hernandez in discovery prior to his change of plea. Simply put, these documents are not newly discovered evidence. Therefore, any successive § 2255 motion based on either of these documents would not satisfy § 2255(h) and would be futile. *See Johnson v. United States*, No. C14-0164RSM, 2014 WL 4546950, at *5 (W.D. Wash. Sept. 12, 2014) (denying petitioner's § 2255 motion because he "was fully able to be heard on his claims that the search warrant lacked sufficient particularity at both the trial court level and the appellate level"); *See also Williams v. United States*, No. 3:11-CR-3529-BEN, 2019 WL 2341402, at *2 (S.D. Cal. May 31, 2019) ("Re-hashing the search warrant facts cannot cure this impotent [§ 2255] claim.").

Second, assuming *arguendo* that the documents qualified as new evidence and that the listed address was indeed for the wrong trailer, this would not establish Hernandez's innocence. *See Bousley v. United States*, 523 U.S. 614, 623, (1998)

(internal quotations removed) ("To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."). The search of Hernandez's trailer was only a piece of the law enforcement investigation, which included multiple controlled buys that provide ample evidence to prove Hernandez's guilt. *See PSR* at 5-6, Crim Dkt 71. As such, Hernandez cannot meet the requirements to bring a successive § 2255 motion based on either the search warrant or the return on execution.

Hernandez's plea agreement further supports the futility of a successive § 2255 motion. Hernandez has expressly waived his right to appeal under § 2255 except for a claim of ineffective assistance of counsel. *Plea Agreement* at 7, Crim Dkt. 45. Hernandez contends that the illegal search violated "Defendant's Fourth Amendment right against an unlawful search and seizure." *Motion* ¶ 11, Dkt. 111. Hernandez's claim would not fall within the plea agreement's exception.

Since any successive § 2255 motion based on any evidence contained within either document would be frivolous, Hernandez is not entitled to a copy of either document. *See e.g.*, *United States v. MacCollom*, 426 U.S. 317 (1976) (an indigent defendant is not entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding unless he demonstrates that his suit is not

frivolous). Therefore, the Court will deny Hernandez's motion.

## ORDER

**IT IS ORDERED that:** Defendant's Motion for Copy of Search Warrant; and Return on Execution of Search Warrant (Dkt. 111) is **DENIED**.

DATED: May 4, 2021

B. Lynn Winmill
U.S. District Court Judge