UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ATENEDORO HERNANDEZ-GOMEZ,<br><br>Defendant. | Case No. 4:16-cr-00044-BLW-2<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Atenedoro Hernandez-Gomez's Motion for Compassionate Release. (Dkt. 112.) The Government opposes the motion. (Dkt. 113.) After considering the briefing and record, the Court will deny the motion.

### BACKGROUND

In 2016, Hernandez-Gomez pled guilty to possession with intent to distribute methamphetamine and was sentenced to 150 months of incarceration. The offense conduct was summarized by the presentence investigator as follows:

> On January 13, 2016, a codefendant arranged with an undercover officer to provide the undercover officer with four ounces of methamphetamine. On January 15, 2016, the defendant, along with a codefendant, conducted the drug transaction. . . .

**MEMORANDUM DECISION AND ORDER - 1**

> . . . .
>
> On January 21, 2016, a controlled purchase for one pound of methamphetamine, for $7,500, and one pound of marijuana, for $2,000, was set up between [a co-defendant] and the undercover officer, to take place in Idaho Falls. Prior to the controlled purchase, a traffic stop was initiated on [the co-defendant] and Atenedoro Hernandez-Gomez's vehicle. A search of the vehicle revealed 454.46 grams of actual methamphetamine, 518.3 grams of marijuana, as well as a set of digital scales.
>
> A Star Arms .45 ACP handgun with a loaded magazine was located in the passenger side glove box. The magazine contained six rounds of full metal jacket ammunition.
>
> . . . .
>
> On January 21, 2016, surveillance was conducted and a search warrant was served on the residence [of Hernandez-Gomez and a co-defendant]. During the search, officers seized 120.7 grams of marijuana, 102.4 grams of gross weight methamphetamine, $2,585 cash, ammunition, a gun case, receipts, and items of occupancy.

(Dkt. 71.)

Hernandez-Gomez was held accountable for the methamphetamine he sold to the undercover officer as well as the drugs found in his vehicle and in his residence. (*Id.*)

Hernandez-Gomez has served less than half of his 150-month sentence. His projected release date is October 2, 2026. At the time Hernandez-Gomez filed his motion for compassionate release, he was housed at FCI Victorville Medium II in Victorville, California, which has no current COVID19 infections among either

MEMORANDUM DECISION AND ORDER - 2

inmates or staff. *See* https://www.bop.gov/coronavirus/ (last accessed August 5, 2021).[1]

Hernandez-Gomez is 33 years old. He does not claim to suffer from any medical conditions that put him at greater risk of severe complications from COVID-19, and his medical records do not indicate any heightened risk. Hernandez-Gomez contracted COVID-19 in December 2020. However, his medical records indicate that he had relatively mild symptoms and that he has recovered. (Dkt. 113-2.) He claims, however, that there is a risk of future complications to his health as a result of having been infected with COVID-19.

## LEGAL STANDARD

Hernandez-Gomez seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative

---

[1] Since filing his motion, Hernandez-Gomez has been moved to CI Giles W. Dalby, a private correctional institution. *See* https://www.bop.gov/inmateloc/ (last accessed August 5, 2021). The BOP website does not currently have available on its website information on the COVID-19 cases at private correctional institutions. *See* https://www.bop.gov/coronavirus/ (last accessed August 5, 2021) (stating that the inmate total COVID-19 cases listed does not include inmates being held in privately-managed prisons). The Court was also unable to locate information elsewhere that provided the current status of COVID-19 infections at CI Giles W. Dalby.

remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021). *See also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Hernandez-Gomez requested compassionate release from the Warden of the facility where he was housed at the time he filed his motion. Defendant represents, and the Government agrees, that the Warden denied Hernandez-Gomez's request for compassionate release more than 30 days prior to Hernandez-Gomez's filing of his motion. Therefore, his motion is ripe for consideration.

The § 3553(a) factors do not warrant a reduction of Hernandez-Gomez's sentence. Hernandez-Gomez has served approximately 58 months of his sentence. He was in possession of a loaded firearm when arrested. He was dealing methamphetamine and was in possession of a significant quantity of

methamphetamine at the time of his arrest. He also has an extensive criminal history. The Court finds that the § 3553(a) factors do not warrant a reduction in his sentence. Further, the Court has considered Hernandez-Gomez's medical history to the extent such information has been provided and finds that his history does not significantly alter the § 3553(a) analysis.

Hernandez-Gomez also has not demonstrated that he has any health conditions that put him at a heightened risk if he contracts COVID-19. Further, he previously did contract COVID-19, had relatively mild symptoms, and has recovered. Although he contends that having had COVID-19 puts him at risk of future complications to his health, neither this potential risk, nor the risk of reinfection, constitute extraordinary and compelling circumstances and do not outweigh the § 3553(a) analysis.

## ORDER

**IT IS ORDERED** that Atenedoro Hernandez-Gomez's Motion for Compassionate Release (Dkt. 112) is DENIED.

DATED: August 6, 2021

B. Lynn Winmill
U.S. District Court Judge