UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ATENEDORO HERNANDEZ-GOMEZ,<br><br>Defendant. | Case No. 4:16-cr-00044-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendant has filed a pro se motion for reduction of sentence. *See* Dkt. 120. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

On October 4, 2016, this Court sentenced Defendant to 150 months' incarceration after he pleaded guilty to possessing methamphetamine with intent to distribute. *See Oct. 7, 2016 Judgment,* Dkt. 81. His Total Offense Level was 33, and his Criminal History Category was III, which yielded a guidelines range of 168 to 210 months. *See Statement of Reasons*, Dkt. 73.

## LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgement and may not be modified by a district court except in

limited circumstances. 18 U.S.C. § 3582(b). "Section 3582(c)(2) establishes an exception to the general rule of finality[.]" *Dillon v. United States*, 560 U.S. 817, 824 (2010). Specifically, § 3582(c)(2) provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently lowered by the Sentencing Commission…, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing commission.

18 U.S.C. § 3582(c)(2). Thus, under Section 3582(c)(2), the analysis is twofold. First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guideline range. *Dillon*, 560 U.S. at 826. Second, the Court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with policy statements issued by the Sentencing Commission. *Id.* at 827.

## ANALYSIS

Amendment 821 to the Sentencing Guidelines took effect November 1, 2023, and applies retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534 (Sept. 1, 2023). Amendment 821 is bifurcated into Parts A and B. The Court begins by examining Defendant's eligibility for a sentence reduction under Part A.

A.     Part A

"Part A of Amendment 821 limits the overall criminal history impact 'status points'…under § 4A1.1 (Criminal History Category)." *Id.* at 60535. Specifically, regarding "status points," under U.S.S.G. § 4A1.1, a defendant who committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," previously received two additional criminal history points. Amendment 821 amends § 4A1.1 to: (1) eliminate such status points for any defendant who otherwise has six or fewer criminal history points; and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. In this case, Mr. Hernandez-Gomez's criminal history score—*after* adding 2 status points—was 4. *See Presentence Investigation Report*, Dkt. 71, ¶¶ 46-47. Amendment 821 reduces his criminal history points from 4 to 2, which means that he would drop to Criminal History Category II. This, in turn, would reduce his guidelines range from 168 to 210 months to 151 to 188 months. As noted above, however, Mr. Hernandez-Gomez was sentenced to less than the low end of that reduced range. He received a 150-month sentence. Accordingly, Mr. Hernandez-Gomez is not eligible for a reduction under Part A of the Amendment. *See United States Sentencing Guidelines* § 1B1.10(b)(2) (prohibiting sentencing a defendant to less than the low end of the amended guideline).

MEMORANDUM DECISION AND ORDER - 3

**B.     Part B**

Part B of Amendment 821 provides for a two-level reduction in the offense level for certain zero-point offenders with no criminal history and whose offense did not involve specified aggravating factors. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Part B does not apply because Mr. Hernandez-Gomez is not a zero-point offender.

**C.     Dismissal of Prior Charges; Request for Relief under 28 U.S.C. § 2255**

The Defendant also spends a significant amount of time discussing the dismissal of charges in two state-court matters. *See Motion, Attachments A and B thereto,* Dkt. 120-1. Among other things, Mr. Hernandez-Gomez argues that the Court could consider reducing his sentence not only under 18 U.S.C. § 3582(c)(2), but also under 28 U.S.C. § 2255. In opposing the motion, the government correctly points out that these dismissals cannot serve as a basis for a sentence reduction under 18 U.S.C. § 3582(c)(2). But the government does not address the request for relief under 28 U.S.C. § 2255. While the Court is quite doubtful that Mr. Hernandez-Gomez is entitled to any relief under § 2255, it will nonetheless direct the Clerk to open a separate matter, as is typical in filings made under § 2255 so that these issues can be fully ventilated before the Court rules. The Court will further direct the government to respond to that aspect of the defendant's motion within 45 days of this order.

## ORDER

**IT IS ORDERED that:**

(1) Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) (Dkt. 120) is **DENIED**.

(2) The Clerk is directed to open a separate civil matter given Defendant's claim for relief under 28 U.S.C. § 2255.

(3) The government is directed to respond to Defendant's request for relief under 28 U.S.C. § 2255 within 45 days of this Order.

DATED: October 24, 2024

B. Lynn Winmill
U.S. District Court Judge